CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 20 2023
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| NETTAX, LLC, | ) |
| Plaintiff, | ) Case No. 4:22-cv-00109 |
| v. | ) **MEMORANDUM OPINION** |
| DVL PROTECTED CELL, INC., *et al.*, | ) By:   Hon. Thomas T. Cullen |
| Defendants. | )         United States District Court |

This case concerns an alleged breach of contract. In short, Plaintiff NetTax, LLC claims that Defendants DVL Protected Cell, Inc., Beaumont Foodie, LLC, Houston Foodie, LLC, A3H Foods II LP, and CNR Food Services, LLC (collectively "Defendants") hired it to secure "certain income tax credit and income tax incentive consulting services . . . ." (Compl. ¶ 7 [ECF No. 12].) Although Plaintiff contends that it "fully performed" under their agreement (*id.* ¶ 11), Defendants disagree, citing alleged errors in the tax forms Plaintiff prepared. As a result, although it had submitted partial payment under the alleged contract, Defendants refused to pay anything more. Additionally, one of the checks Defendants tendered to Plaintiff was returned for insufficient funds. Accordingly, Plaintiff brought suit for breach of contract and for a violation of Virginia Code § 8.01-27.1.[1]

---

[1] "[I]n any civil claim or action made or brought against the drawer of a check, draft or order, payment of which has been refused by the drawee depository because of lack of funds in or credit with such drawee depository, or because such check, draft or order was returned because of a stop-payment order placed in bad faith on the check, draft or order by the drawer, the holder or his agent shall be entitled to claim, in addition to the face amount of the check (i) legal interest from the date of the check, (ii) the protest or bad check return fee, if any, charged to the holder by his bank or other depository, (iii) a processing charge of $50, and (iv) reasonable attorney's fees if awarded by the court." Va. Code Ann. § 8.01-27.1(A).

In preparation for trial, Plaintiff propounded several interrogatories and requests for production of documents on Defendants. Fed. R. Civ. P. 33, 34. Defendants objected to several of the interrogatories and requests, and Plaintiff filed the present motion to compel complete responses and the production of the documents it now seeks. (ECF No. 25.) Plaintiff's motion was briefed by the parties and the court heard oral argument on April 6, 2023. After a supplemental post-hearing submission by the parties (ECF No. 36), the matter is ripe for disposition.

Broad discovery is generally permitted in civil cases. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance is not, on its own, a high bar." *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). Indeed, "[t]here may be a mountain of documents and [other materials] that are relevant in some way to the parties' dispute, even though much of it is uninteresting or cumulative." *Id.* Moreover, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). But discovery, "like all matters of procedure, has ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. As relevant here, courts must limit proposed discovery if it is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). And the applicable rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

If a party fails to respond to or produce requested discovery, the requesting party may file a motion to compel their compliance. Fed. R. Civ. P. 37(a)(1). On such a motion, the party

"resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016). Thus, once the moving party has made "a prima facie showing of discoverability," the resisting party has the burden of showing that either: (1) the discovery sought is not relevant within the meaning of Rule 26(b)(1); or (2) the discovery sought "is of such marginal relevance that the potential harm . . . would outweigh the ordinary presumption of broad discovery." *Id.* (internal quotation marks omitted). Moreover, "District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." *Id.* (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995)).

Turning first to the request for production of documents ("RFP"), Plaintiff moves to compel the production of documents responsive to its requests 2–8 (*see* ECF No. 36-1): (RFP 2) prior tax documents from tax years 2019, 2020, 2021, and 2022 ("tax returns"); (RFP 3) communications with any other tax credit consultant from January 1, 2019, to the present ("third-party communications"); (RFP 4) all documents exchanged with any other tax credit consultant from January 1, 2019, to the present ("documents"); (RFP 5) any agreement between any other tax credit consultant and any defendant from January 1, 2019, to the present ("agreements"); (RFP 6) a broad category of communications between or among the parties regarding their business relationship, including the negotiation and signing of prior contracts ("intraparty communications"); (RFP 7) all IRS 1094-C forms filed by any Defendants in 2019, 2020, or 2021 ("1094-Cs"); and (RFP 8) any tax form filed with the IRS relating to control groups ("IRS filings"). Defendants generally object to these requests, arguing that they are not relevant or proportional to the needs of the case and that, if the documents were relevant to

the work Plaintiff was contracted to do, it would have requested that information in advance of preparing the tax credit advice it was contracted to provide and the documents in question would already be in its possession.

Because this case concerns whether tax forms prepared by Plaintiff were correct and were completed with accurate information, the court is not persuaded by most Defendants objections. Whether Plaintiff requested and ultimately obtained any these documents initially is not dispositive of this issue. Insofar as Plaintiff may have relied on Defendants' verbal and written representations about their corporate structure, the number of employees, and the relevant control group, the information otherwise contained in these tax documents *may* contradict those material representations and, by extension, undermine the defenses asserted by the Defendants. Accordingly, Defendants will be ordered to produce: tax returns (RFP 2); documents (RFP 4); 1094-Cs (RFP 7); and IRS filings (RFP 8).[2] But the court agrees that Defendants' agreement(s) with other tax credit consultants is not relevant to Plaintiff's claims. For that reason, the court will sustain Defendants' objection to producing other agreements (RFP 5) and any such documents or conversations related to those agreements requested in RFPs 3 & 6, but Defendants must produce third-party communications related to any consultation or advice rendered by another tax credit consultant (RFP 3) and any intraparty communications related to advice solicited from or rendered by any other tax credit consultant (RFP 6).[3]

---

[2] Insofar as Defendants contend that any document requested by Plaintiff is covered by attorney-client or work-product privilege, it must produce a privilege log with its production. *See* Fed. R. Civ. P. 26(b)(5).

[3] RFP 6 contains multiple subparts. For reasons stated elsewhere in this Opinion, any issues relating to a prior agreement between the parties is not relevant. Accordingly, as it relates to RFP 6, Defendants must produce documents responsive to subparts: (d); (e); (f); (g); (h); (i); (j); and (k), but only as it relates to Agreement #2.

Plaintiff also requested "[t]he annual reports for both DVL Protected Cell, Inc. and Ahmed Food Services MSO, Inc. as filed with the Texas Secretary of State for 2019, 2020 and The accuracy of the documents prepared by Plaintiff is at the heart of this case, and whether Defendants took positions in official filings that contradict the information Defendants represented and that Plaintiff relied upon to render its advice *is* relevant. Defendants must comply with RFP 9.

Finally, Plaintiff requested that Defendants produce "[e]ach monthly bank statement issued by Amegy Bank covering any of the days from August 1, 2021 through April 30, 2022, and for the bank account used by Defendants for check number 11196 dated October 21, 2021 in the amount of $153,814.87," the check that was returned for insufficient funds. ("RFP 1.") Defendants counter that those documents are not relevant to Plaintiff's cause of action; they admit that the funds were not in the account at the time Plaintiff presented the check for deposit but argue that "[w]hy there was insufficient funds in this account is not relevant." (Defs.' Br. in Opp. pg. 6 [ECF No. 28].) The court agrees, and Defendants' objection to RFP 1 will be sustained.

Turning to the challenged interrogatories, Defendants stand by three of their objections. They object to the following interrogatories:

> #6: If Defendants allege NetTax (or any NetTax Representative) failed to perform any part of Agreement #1, improperly performed any part of Agreement #1, or failed to comply with any law, rule or regulation related to Agreement #1, describe the details to support each alleged performance failure, performance defect, or law, rule or regulation noncompliance.
>
> #8: Describe each instance since January 1 2019 where a third party claimed a Defendant defaulted upon a contract obligation

> which resulted in the third party threatening to file or actually filing a claim with a court, arbitrator or mediator.
>
> #15: Describe the details supporting each denial to any allegation in the Complaint, each defense, and any full or partial denial to any Request for Admission (if not otherwise provided in the applicable response to the Request for Admission).

Defendants object to interrogatory #6 because Plaintiff is alleging a breach of their *second* agreement, and therefore any issues with a prior contract is simply not relevant. They also argue that any dispute with a third party (interrogatory #8) is not relevant to *Plaintiff's* breach of contract action. Finally, as to interrogatory #15, Defendants contend it is overbroad, burdensome, and improperly requests that they marshal all their evidence in support of their position into a single response. The court agrees with Defendants across the board and will sustain their objections to interrogatories #6, 8, and 15.

In conclusion, for the reasons discussed, the court will sustain Defendants' objections to interrogatories 6, 8, and 15, as well as objections to RFPs 1 and 5. The court will overrule, as explained above, Defendants' objections to the other RFPs, and Defendants must therefore produce documents responsive to RFPs 2, 3, 4, 6, 7, 8, and 9.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 20th day of April, 2023.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE